JAMES, HOLCOMBE & RAINWATER v. FURR.

Opinion delivered December 11, 1916.

REFORMATION OF DEEDS—REQUISITES.—Where one party seeks the reformation of a deed, so that it include certain lands claimed to have been omitted, and the other party denies that it was agreed that those lands be included, a mere preponderance of the evidence in favor of plaintiff's contention is not sufficient, and while it is not required that the proof be undisputed, it is required that it be clear, convincing and satisfying.

Appeal from Desha Chancery Court; Z. T. Wood, Chancellor; affirmed.

X. O. Pindall, for appellant.

On appeals, chancery causes are tried de novo, and this court considers only competent testimony. 124 Ark. 74. Two witnesses testified that the "landing field" was the subject of trade, and one, Furr, stated that it was not.

The great preponderance of the testimony sustains the plaintiffs. The evidence is clear and unequivocal and convincing. 45 Atl. 612; 110 N. W. 840. At any rate, the evidence of plaintiffs preponderated. 4 Atl. 781; 52 S. W. 1007.

J. Bernhardt and T. D. Crawford, for appellees.

There is no allegation of fraud, and the proof is not clear, unequivocal and decisive that the trade was made, and that there was a mutual mistake. 71 Ark. 614; 91 Id. 162. See also, 104 Ark. 475.

SMITH, J. This suit was brought to enforce the specific performance of a contract to convey land, but is, in effect, and, in fact, a suit to reform a description contained in a deed, and the suit is so treated by the parties. The tract of land in controversy is known by the parties as the "Medford Landing Field," and contains 18½ acres, and is further described as that part of the northwest quarter, northeast quarter section 1, township 9 south, range 3 west, east of the bayou. Each of the parties to this litigation owned other lands be-

sides those conveyed in the deed here sought to be reformed, and in the negotiations which led to the trade evidenced by the deed various propositions and counter propositions were made.

It is reasonably certain that appellants understood that these negotiations were terminated by an agreement to sell the land in controversy for the consideration of $1,400, and various circumstances are testified to which corroborate them in this contention. Principally among such circumstances is the location of this land with reference to their other lands and to the river, and it is said by them that the acquisition of this land was the chief object in making the trade. A memorandum of the trade was prepared by appellee, and to this an addition was made by appellant Holcombe which is indicated by the italics. This memorandum is as follows:

"$1,400.00.

"One-half Henry James, J. N. Holcombe ¼, Loid Rainwater, ¼.

"N. E. N. E. sec. 1-9-3-40 A. All of that part of the E½ sec. 36-8-3, lying E. of bayou leading from Davis Lake and emptying into Arkansas river west of Medford Ldg., *containing 75 acres, more or less.*

"*$1,400.00 & James H. & R. to receive rent notes for 1914.*

"*J. N. Holcombe.*"

Appellants insist that appellee assured them the description employed embraced the land in controversy, and that they relied upon this representation.

Appellee testified, however, that no mistake was made in the description employed in the memorandum. He says he proposed to sell the disputed tract, but only on condition that appellants buy certain other lands not included in the trade finally made. He testified that he could not get to Medford Landing or to the county road without going over this disputed tract of land, and that he would not have sold that land at the price paid

him. He also says that if the land had been described as lying east of a creek or bayou, as appellants contend, that such description would have included 30 additional acres, instead of 18½. A deed was drawn to conform to the descriptions in the memorandum and thereafter a survey of the lands there described was made, which disclosed the fact that the land in controversy was not included in the description employed. It is undisputed that when appellants called attention to the alleged mistake, appellee offered to rescind the contract, but appellants refused and demanded a deed conforming to their version of the trade.

Counsel do not disagree about the rule governing in cases of this character, but it is very earnestly insisted for appellants that the testimony meets this requirement. But we do not think so. It may be conceded that appellants intended to buy, and supposed they had bought, this land, but it is not so certain that appellee intended to sell it. A mere preponderance of the evidence is not sufficient, and while it is not required that the proof be undisputed, it is required that the proof be clear, convincing and satisfying, so that, in ordering a reformation made, a reasonable certainty may be entertained that the real intention of both parties is being executed. *McGuigan* v. *Gaines*, 71 Ark. 614.

The decree of the chancellor is, therefore, affirmed.